**Dana ANUGRAH, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–4574.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 23, 2010.

Opinion filed March 16, 2010.

---

■■■■■■■

Oleh. Roman Tustaniwsky, Esq., Hualian Law Offices, New York, NY, for Petitioner.

Daniel G. Lonergan, Esq., Jeffrey L. Menkin, Esq., Thankful T. Vanderstar, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Dana Anugrah petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ") decision denying his application for withholding of removal. We will deny the petition for review.

Anugrah is a native and citizen of Indonesia. He entered the United States in 2001 as a visitor. In 2003, the Immigration and Naturalization Service issued a notice to appear charging that Anugrah was subject to removal because he remained here longer than permitted. Through counsel, Anugrah conceded that he was removable as charged and applied for withholding of removal and voluntary departure. Anugrah did not seek asylum because his asylum application was untimely filed.

At his hearing, Anugrah relied on his written statement and did not provide any direct testimony. Anugrah wrote in his statement that he had worked as a delivery person. He stated that local security officials often set up roadblocks to inspect cars and trucks driving through their areas. One day in May 1997, when security was unusually tight due to rumors of demonstrations, Anugrah was accompanied by a Chinese driver. Anugrah passed through a few checkpoints without incident until he reached a checkpoint where there were no security officials. Instead local men were asking for identification. The men asked Anugrah what he was doing with a Chinese person. Anugrah told the men that they worked together. The men taunted the Chinese man and then told Anugrah that they would have to pay a tax to pass through the area. Anugrah told the men that he was a native Indonesian. The men replied that he must be Chinese if he would travel with a Chinese person. The men took the contents of the truck to cover the tax. Anugrah stated that he came to the United States to avoid being targeted based on whom he associated with.

The Government asked Anugrah a few questions about his statement and the IJ found him credible. The IJ, however, found that the single incident Anugrah described was an extortion attempt or robbery, which did not constitute persecution within the meaning of the immigration statute. The IJ also found no basis upon which to find a pattern or practice of persecution and decided that Anugrah had failed to carry his burden to show that it was more likely than not that he would be persecuted on account of a protected ground if he returned to Indonesia. The IJ granted Anugrah's request for voluntary departure.

The BIA dismissed Anugrah's appeal. In response to Anugrah's argument that the IJ erred in denying asylum, the BIA noted that counsel told the IJ that Anugrah was not seeking asylum because he did not file a timely application and that Anugrah had not shown changed circumstances affecting his eligibility for asylum. The BIA further found no clear error in the IJ's factual findings regarding the nature of Anugrah's past experiences and the like-

lihood of his being harmed in the future. The BIA thus agreed with the IJ that Anugrah is ineligible for relief from removal. The BIA allowed Anugrah to voluntarily depart the United States. This petition for review followed.

We review the agency's findings under a substantial evidence standard, which requires that we uphold those findings unless the evidence compels a contrary conclusion. *Shardar v. Ashcroft,* 382 F.3d 318, 323 (3d Cir.2004).

Anugrah does not argue in his brief that he suffered past persecution or that he will be harmed due to a pattern or practice of persecution in Indonesia. Rather, Anugrah asserts that he has a well-founded fear of persecution based upon his association with a Chinese person. Anugrah, however, has not pointed to evidence supporting the conclusion that he has an individualized risk of persecution. *See Lie v. Ashcroft,* 396 F.3d 530, 536–37 (3d Cir. 2005) (holding that an alien who was Chinese and robbed in Indonesia failed to show a well-founded fear of persecution due to an individualized risk of harm). Anugrah does not dispute that he suffered one incident of extortion or robbery four years before he left Indonesia. In support of his argument that he will be targeted, Anugrah points to excerpts of the country report addressing discrimination against ethnic Chinese in Indonesia and police inaction during a political demonstration. These excerpts do not compel the conclusion that Anugrah has a well-founded fear of persecution if he returns to Indonesia.

Accordingly, we will deny the petition for review.